# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

BRIDGET ANNE KELLY

Defendant.

CASE NUMBER   2:15-CR-00193-SDW-2

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, BRIDGET ANNE KELLY, was represented by MICHAEL D. CRITCHLEY, ESQ. (Retained).

The defendant was found guilty on count(s) 1, 2, 3, 4, 6, 8, 9 by a jury verdict on 11/4/2016 after a plea of not guilty. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
| --- | --- | --- | --- |
| 18:371 | CONSPIRACY TO OBTAIN BY FRAUD, KNOWINGLY CONVERT, AND INTENTIONALLY MISAPPLY PROPERTY OF AN ORGANIZATION RECEIVING FEDERAL BENEFITS | 8/2013-12/2013 | 1 |
| 18:666(A)(1)(A) AND 2 | OBTAIN BY FRAUD, KNOWINGLY CONVERTING, AND INTENTIONALLY MISAPPLYING PROPERTY OF AN ORGANIZATION RECEIVING FEDERAL BENEFITS | 8/2013-12/2013 | 2 |
| 18:1349 | CONSPIRACY TO COMMIT WIRE FRAUD | 8/2013-12/2013 | 3 |
| 18:1343 AND 2 | WIRE FRAUD | 8/2013-12/2013 | 4 |
| 18:1343 AND 2 | WIRE FRAUD | 8/2013-12/2013 | 6 |
| 18:241 | CONSPIRACY AGAINST CIVIL RIGHTS | 8/2013-9/13/13 | 8 |
| 18:242 AND 2 | DEPRIVATION OF CIVIL RIGHTS | 8/2013-9/13/13 | 9 |

As pronounced on March 29, 2017, the defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $625.00 for count(s) 1, 2, 3, 4, 6, 8, 9, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Signed this 30th day of March, 2017.

Susan D. Wigenton
U.S. District Judge

Defendant: BRIDGET ANNE KELLY  
Case Number: 2:15-CR-00193-SDW-2

Judgment - Page 3 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 18 months, on each of Counts One, Two, Three, Four, Six and Eight and a term of 12 months on Count Nine, all counts to be served concurrently.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons .

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant: BRIDGET ANNE KELLY
Case Number: 2:15-CR-00193-SDW-2

Judgment - Page 4 of 8

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of 1 year, on each Count, all such terms to run concurrently.

Within 72 hours of release from custody of the Bureau of Prisons, you must report in person to the Probation Office in the district to which you are released.

While on supervised release, you must not commit another federal, state, or local crime, must refrain from any unlawful use of a controlled substance, must cooperate in the collection of DNA as directed by the probation officer and must comply with the mandatory and standard conditions that have been adopted by this court as set forth below.

Based on information presented, you are excused from the mandatory drug testing provision, however, you may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that you pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and must comply with the following special conditions:

COMMUNITY SERVICE (500 hours over 1 year)

You must contribute 500 hours of community service work over a period of one year or less, from the date supervision commences. Such service shall be without compensation, with the specific work placement to be approved by the U.S. Probation Office.

FINANCIAL DISCLOSURE

Upon request, you must provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You must cooperate with the Probation Officer in the investigation of your financial dealings and must provide truthful monthly statements of your income. You must cooperate in the signing of any authorization to release information forms permitting the U.S. Probation Office access to your financial records.

NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You must not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

OCCUPATIONAL RESTRICTIONS

As a further special condition of supervised release, you must refrain from seeking or holding any employment, elected, appointed, or otherwise, paid or unpaid, with any government agency during the term of supervised release.

*{As an underlying foundation for this special condition, the Court must find that: (1) a reasonably direct relationship existed between the defendant's occupation, business or profession and the conduct relevant to the offense of conviction; (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted; and (3) that the time frame and structure of the special condition is for the minimum time frame and to the minimum extent necessary to protect the public.}*

Defendant: BRIDGET ANNE KELLY  
Case Number: 2:15-CR-00193-SDW-2

Judgment - Page 5 of 8

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have fulltime employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e.. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

Defendant: BRIDGET ANNE KELLY  
Case Number: 2:15-CR-00193-SDW-2

Judgment - Page 6 of 8

## STANDARD CONDITIONS OF SUPERVISION

13) You must follow the instructions of the probation officer related to the conditions of supervision.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed)_____  
                      Defendant                                    Date

_____  
     U.S. Probation Officer/Designated Witness           Date

Defendant: BRIDGET ANNE KELLY
Case Number: 2:15-CR-00193-SDW-2

Judgment - Page 7 of 8

# FINE

The defendant shall pay a fine of $2,800.00.

This amount is the total of the fines imposed on individual counts, as follows: $400.00 on each of Counts One, Two, Three, Four, Six, Eight, and Nine.

The fine is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsiblity Program (IFRP). If the defendant participates in the IFRP, the fine shall be paid from those funds at a rate equivalent to $25 every 3 months. In the event the fine is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $150, to commence upon completion of the restitution obligation.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Defendant: BRIDGET ANNE KELLY
Case Number: 2:15-CR-00193-SDW-2

Judgment - Page 8 of 8

# RESTITUTION AND FORFEITURE

## RESTITUTION

The defendant shall make restitution in the amount of $14,314.04. The Court will waive the interest requirement in this case. Payments should be made payable to the **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for distribution to The Port Authority of New York and New Jersey Attn: Stephen Pasichow - Deputy Inspector General, Office of Inspector General, The Port Authority of New York and New Jersey, 5 Marine View Plaza, Suite 502, Hoboken, NJ 07030.

The amounts ordered represent the total amounts due to the victims for these losses. The defendant's restitution obligations shall not be affected by any restitution payments made by other defendants in this case, except that no further payments shall be required after the sums of the amounts actually paid by all defendants has fully satisfied this loss. The following defendant(s) in the following case(s) may be subject to restitution orders to the same victims for this same loss:

| | |
|---|---|
| William E. Baroni, Jr. | 15-CR-193-01 |
| David Wildstein | 15-CR-209 |

      The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsiblity Program (IFRP). If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $500, to commence 30 days after release from confinement.

      Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

      Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.